DURDEN-COLEMAN LUMBER COMPANY *vs.* WILLIAM H. WOOD LUMBER COMPANY.

Suffolk. March 8, 1915. — September 15, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Contract*, Performance and breach. *Damages*, Special, In recoupment.

In an action of contract for the price of lumber sold and delivered the defendant claimed damages in recoupment by reason of the plaintiff's alleged failure to perform his contract in regard to the time of delivering the lumber. It appeared that the lumber was not shipped within the time agreed upon and that time was of the essence of the contract, but it also appeared that there was incorporated in the contract a provision that "all agreements are contingent upon strikes, accidents, delays of carriers and other delays beyond our control." It was found by an auditor, whose decision of facts was agreed to be final, that the delays were not occasioned by any act or omission of the plaintiff but that the delays in the various shipments were occasioned solely by carriers other than the carrier by which the final shipments by the plaintiff to the defendant were made and were due to causes beyond the control of the plaintiff. *Held*, that the plaintiff was entitled to recover the full price of the lumber delivered to and accepted by the defendant.

In an action to recover the price of lumber sold and delivered by the plaintiff to the defendant, in which special damages were claimed by the defendant in recoupment on the ground that by reason of delays in the deliveries of the ship-

ments of the lumber a third person to whom the defendant had resold the lumber had suffered loss in consequence of the delay, where it appeared that the defendant had paid nothing to such third person on account of such alleged damages and that no action had been brought and no specific demand had been made upon the defendant for such damages, it was *said* that it was not necessary to base the denial of the defendant's right to recoupment on that ground; because it also appeared that under the express terms of the contract between the parties the plaintiff had proved an excuse for his failure to deliver the lumber within the agreed time.

CONTRACT to recover the price of certain lumber sold and delivered by the plaintiff to the defendant. Writ dated April 26, 1913.

The defendant in its amended answer claimed damages in recoupment by reason of the plaintiff's alleged failure of performance in regard to the time of delivering the lumber.

In the Superior Court the case was referred to John J. Higgins, Esquire, as auditor, "to hear the parties, to examine their vouchers and evidence, to state the accounts, and make report thereof to the court; his findings as to facts to be final, and his report to be filed within fourteen days." The auditor filed a report, in which he found the facts that are stated in the opinion. Later the case was heard by *Jenney,* J., without a jury, upon the auditor's report and the plaintiff's motion for the entry of judgment thereon. The defendant asked the judge to make the following rulings:

"6. The defendant is entitled to damage by reason of the failure of the plaintiff to perform its contracts or one of them.

"7. The defendant is entitled to recover as special damage such sum as shall be considered sufficient to meet all future claims which may be made against it by reason of its resale of the merchandise purchased from the plaintiff to its customer [which was] in contemplation of the parties at the time the contract was made.

"8. The natural consequences of delay and stoppage of work and payment of wages and expenses arising therefrom and the loss from not having the work finished at the time it otherwise would have been, are the proper subjects for the recovery of damages.

"9. The defendant has sustained the burden on it to show that it is entitled to recover damages from the plaintiff.

"10. The words 'delays of carriers' in the contract mean delays of the Ocean Steamship Company, which was the carrier

which brought the lumber from the place of shipment, as set forth in the contracts, to the consignee, the defendant."

The judge refused to make any of these rulings, and ordered that judgment should be entered for the plaintiff according to the findings contained in the auditor's report. The defendant alleged exceptions.

*J. E. Eaton & E. T. McKnight,* for the defendant, submitted a brief.

*W. S. McCallum & G. K. Bartlett,* for the plaintiff.

DE COURCY, J. Under the rule issued to the auditor in this case his findings as to the facts are final. It is settled by the report that the lumber was not shipped within the period agreed upon, and that time was of the essence of the contract. The defendant's orders, however, were accepted on the express stipulation that "all agreements are contingent upon strikes, accidents, delays of carriers and other delays beyond our control," and this provision became embodied in the contract between the parties.

On the facts as found the delay was not occasioned by any act or omission of the plaintiff. The Durden-Coleman Lumber Company, in order to expedite deliveries, divided the defendant's orders among ten mills and used every effort to perform the contract in accordance with its terms. It appears that stormy weather rendered it impossible promptly to team the logs from the woods to some of the mills, and from other mills to the cars, and that there was delay in getting cars from the railroad companies to carry the lumber from the mills to the steamboat wharf at Savannah. But the auditor finds that the delays in the various shipments were occasioned solely by other carriers than the Ocean Steamship Company, and were due to causes beyond the control of the plaintiff. This makes out an excuse for the failure of the plaintiff to deliver the lumber within the agreed time. All of it, with the exception of twenty-one pieces for which allowance was made, was accepted by the defendant and was used by its vendee. The plaintiff is entitled to recover the amount found due by the auditor with interest from January 8, 1913, the date of demand for payment.

In view of the findings of fact the judge rightly refused to give the defendant's requests. Those numbered 7 and 8 relate to special damages, based on the claim that the Fred S. and A. D.

Gore Corporation — to whom the defendant resold the lumber — suffered loss on account of the delays in shipment. Aside from the fact that the defendant has paid nothing to the Gore Corporation on account of such alleged damage, and that no action has been brought nor specific demand made upon it therefor (see *Graham* v. *Middleby*, 213 Mass. 437, 443), plainly such a claim must fall to the ground with the defendant's demand for general damages.

*Exceptions overruled.*